**Mrs. Flossie NEWKIRK, Plaintiff,**

v.

**Mr. James ALLEN and Mrs. McInerney, Defendants.**

**No. 82 Civ. 2291 (HFW).**

United States District Court, S.D. New York.

Nov. 29, 1982.

Joseph Scott, Jr., New York City, for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., by Jorge Guttlein, New York City, for defendants.

## MEMORANDUM DECISION

WERKER, District Judge.

This is a defamation action in which plaintiff seeks to recover $9,000.00 in damages from two employees of the Veteran's Administration Hospital ("V.A. Hospital") in Montrose, New York. The action originally was commenced in the New York State Supreme Court and subsequently was removed by defendants pursuant to 28 U.S.C. § 1442(a)(1). Jurisdiction properly is predicated upon 28 U.S.C. § 1442(a)(1). *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 35 (2d Cir.1979) (citations omitted). The matter presently is before the court on defendants' motion for summary judgment pursuant to Fed.R. Civ.P. 56.

### FACTS

At all times relevant to this action, plaintiff was employed as a nursing assistant at the V.A. Hospital. Defendant James Allen ("Allen") was employed as a staff nurse on plaintiff's ward. As a staff nurse, Allen was in charge of the nursing personnel on his ward and, as part of his duties, was required to record in writing any incident that occurred on his ward involving an employee for whom he was responsible. These reports became part of the employee's file and occasionally formed the basis for disciplinary action against the employee. Defendant Dorothy McInerney ("McInerney") was the coordinator of the building to

which plaintiff and Allen were assigned. One of McInerney's responsibilities was to notify her immediate supervisor and the nursing office of any reports of employee incidents.

Plaintiff's claims arise out of a memorandum written by Allen, in which he reported that plaintiff had confronted him, had used profane language and had acted in an irrational manner. Allen had been instructed by Gloria Wilkens ("Wilkens"), his immediate supervisor, to write the memorandum after he had informed her of the incident. The memorandum was addressed to both Wilkens and McInerney. After McInerney received a copy of the memorandum, she placed it in plaintiff's file. Sometime thereafter, McInerney was asked to deliver plaintiff's file to the nursing office. Disciplinary action against plaintiff subsequently ensued.

## DISCUSSION

Summary judgment may be granted only when it is clearly demonstrated to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the movant's burden to show that there is no dispute as to any material fact. *E.g., Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir.1980); *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975). In support of their motion, defendants have submitted affidavits setting forth the events and activities that form the basis of plaintiff's complaint. None of the statements of material facts contained in those affidavits have been contested by

plaintiff.[1] The matter therefore is ripe for summary judgment.

■ The sole issue presented on this motion is whether defendants are immune from liability in this case. Under the doctrine of official immunity, federal officials are absolutely immune from liability for common-law torts allegedly committed during the performance of any official duties that require the exercise of judgment or discretion. *E.g., Barr v. Matteo,* 360 U.S. 564, 569–76, 79 S.Ct. 1335, 1338–42, 3 L.Ed.2d 1434 (1959); *Huntington Towers, Ltd. v. Franklin Nat'l Bank,* 559 F.2d 863, 870 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978); *Liguori v. Alexander,* 495 F.Supp. 641, 648 (S.D.N.Y.1980).[2] The purpose of the rule of official immunity is to allow governmental officials the freedom

> to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties— suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government.

*Barr v. Matteo,* 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434 (1959).

■ In this case, there is no dispute that the activities of which plaintiff complains were within defendants' line of duty. Nevertheless, plaintiff argues that, because defendants were following V.A. Hospital rules and the instructions of their superiors, there was no room for defendants to exercise discretion in the performance of these activities. Plaintiff's argument only begs

1. In addition to affidavits, defendants also have submitted a statement of the material facts as to which they contend there is no genuine issue to be tried, as is required by rule 3(g) of the local rules of this court. S.D.N.Y.R.Civ.P. 3(g). Plaintiff does not contest any of the facts asserted in that statement nor has she submitted a rule 3(g) statement of her own. Plaintiff therefore is deemed to have admitted the facts as set forth in defendants' rule 3(g) statement. *Id.*

2. In *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Court held that federal officials enjoy only a qualified immunity from liability for constitutional torts. *Id.* at 485, 98 S.Ct. at 2899–2900. That decision, however, has no effect on the rule of absolute immunity from common-law tort liability. *E.g., Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Inst.,* 566 F.2d 289, 293 (D.C. Cir.1977) (en banc), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978); *Liguori v. Alexander,* 495 F.Supp. 641, 648 (S.D.N.Y. 1980).

the question. In any employment situation, whether governmental or not, an employee's authority is defined by the rules of his employer. Indeed, to accept plaintiff's argument, would be to hold that the protections of the immunity doctrine extend only to higher-ranking officials who formulate rules and delegate responsibility and not to lower-level employees who follow those rules and perform the duties delegated to them. It is well established, however, that the scope of the coverage of the immunity doctrine is not so limited. *Id.* at 573, 79 S.Ct. at 1340.

With respect to the discretion requirement of the immunity doctrine, the Second Circuit has stated that

> [t]here is no litmus paper test to distinguish acts of discretion, ... and to require a finding of 'discretion' would merely postpone, for one step in the process of reasoning, the determination of the real question—is the act complained of the result of a judgment or decision which it is necessary that the Government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability?

*Ove Gustavsson Contracting Co. v. Floete,* 299 F.2d 655, 659 (2d Cir.1962) (citations omitted), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963); *see Huntington Towers, Ltd. v. Franklin Nat'l Bank,* 559 F.2d 863, 870 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978).

In essence, then, once it is established that the official was acting within the scope of his authority, the only issue left to be decided is whether the purposes of the immunity doctrine best would be fulfilled by cloaking the particular act complained of with immunity from civil tort liability. The court finds that, in this case, that question must be answered in the affirmative. In order to provide adequate medical services and as a matter of policy, supervisory employees of V.A. Hospitals must be accorded the freedom to report unprofessional and improper conduct on the part of medical staff members without the fear of being subjected to a lawsuit. This decision is in no way contrary to the holding of *Estate of Burks v. Ross,* 438 F.2d 230 (6th Cir.1971), upon which plaintiff heavily relies. Although the *Burks* court held that nurses in a Veterans Administration hospital did not enjoy the protections of official immunity, *id.* at 235, the issue presented in that case was whether the nurses could be held liable for negligence in the care of a patient. *Id.* at 231. Since the focus in each case is on the particular act complained of, *e.g., Huntington Towers, Ltd. v. Franklin Nat'l Bank,* 559 F.2d 863, 870 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978); *Ove Gustavsson Contracting Co. v. Floete,* 299 F.2d 655, 659 (2d Cir.1962), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963), *Burks* is totally inapposite to the case at bar. Accordingly, defendants' motion for summary judgment is granted.

### CONCLUSION

For the reasons discussed above, defendants' motion for summary judgment is granted, and the complaint is dismissed on the merits. Defendants are directed to submit a judgment on notice within ten (10) days after the entry of this order.

SO ORDERED.